# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                           Crim. No. 10-339 (PJS/JJK)

          Plaintiff,

v.                                          **REPORT AND RECOMMENDATION**

(3)    Giesy Sanchez,
(4)    Gabriel Damas Martinez, and
(7)    Jairo Chaides,

          Defendants.

Jeffrey S. Paulsen, Esq., Assistant United States Attorney, counsel for Plaintiff.

Lee R. Wolfgram, Esq., The Wolfgram Law Firm, Ltd., counsel for Defendant Sanchez.

F. Clayton Tyler, Esq., F. Clayton Tyler, PA, counsel for Defendant Martinez.

John J. Leunig, Esq., Law Office of John J. Leunig, counsel for Defendant Chaides.

JEFFREY J. KEYES, United States Magistrate Judge

       This matter is before the Court on Defendant Giesy Sanchez's Motion for Severance of Defendants (Doc. No. 105), Defendant Gabriel Damas Martinez's Motions for Severance of Defendants (Doc. No. 119), and for Severance of Counts (Doc. No. 118), and Defendant Jairo Chaides's Motion for a Separate Trial (Doc. No. 77).   This Court held a hearing on the motions on February 25, 2011.  The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R.  72.1.  For

the reasons stated below, this Court recommends that Defendants' motions be
denied.

## BACKGROUND

Defendants Sanchez, Martinez, and Chaides, along with four Co-
Defendants, were indicted on charges of conspiracy to distribute
methamphetamine, cocaine, and marijuana in violation of 21 U.S.C. §§ 846 and
841(b)(1)(A).  (Doc. Nos. 7, 62.)   Defendant Sanchez was also charged with
three counts of distribution of methamphetamine in violation of 21 U.S.C. §§
841(a)(1) and 841(b)(1)(B).  (*Id.*)   And Defendant Martinez was charged with one
count of possession with intent to distribute methamphetamine in violation of 21
U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  (*Id.*)   The Government is prosecuting all
seven Co-Defendants together in this consolidated proceeding.

## I.     Motions to Sever Defendants

Defendants Sanchez, Martinez, and Chaides have filed motions for
severance requesting that they receive separate trials.  (Doc. Nos. 105, 119, 77.)
There, Defendants state that:  (1) that they are not properly joined under Rule
8(b) of the Federal Rules of Criminal Procedure; (2) that a joint trial would
confuse the jury as to the alleged acts of each Defendant; (3) that in a joint trial
evidence may be introduced by each Defendant that would be inadmissible
against other Defendants in a separate trial; (4) that joinder jeopardizes
Defendants' Fifth Amendment rights against self-incrimination; and (5) that

Defendants would receive a more fair and impartial trial if they are tried separately.  (*Id.*)

The Government opposes these motions, noting a strong policy interest in joint trials for co-conspirators and the high standard under which severance is granted.  (Doc. No. 133.)  The Government further contends that absent a particularized factual showing to the contrary, limiting instructions can cure any prejudicial spillover effects of a joint trial.  (*Id.*)  This Court agrees.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses.  Fed. R. Crim. P. 8(b).  "There is a preference in the federal system for joint trials of defendants who are indicted together . . . [because] they promote efficiency and serve the interests of justice by avoiding the scandal and inequality of inconsistent verdicts."  *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal quotation marks and citations omitted).  Persons charged with conspiracy should generally be tried together, and it will rarely be improper to join co-conspirators in a single trial.  *United States v. Kindle*, 925 F.2d 272, 277 (8th Cir. 1991); *United States v. Stephenson*, 924 F.2d 753, 761 (8th Cir. 1991), *cert. denied*, 502 U.S. 813 (1991).

The propriety of joinder under Rule 8 is a question of law, though relief from a legally permissible joinder may be obtained as an exercise of discretion on motion for severance due to prejudice, pursuant to Fed. R. Crim. P. 14. *United States v. Patterson*, 140 F.3d 767, 774 (8th Cir. 1998).  Availability of the

Rule 14 remedy permits broad construction of Rule 8 in favor of initial joinder.

*United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984).   But a court should

"grant a severance under Rule 14 only if there is a serious risk that a joint trial

would compromise a specific trial right of one of the defendants, or prevent the

jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S.

at 539.

Here, Defendants Sanchez, Martinez, Chaides, and four Co-Defendants

have been indicted for conspiracy to distribute methamphetamine, cocaine, and

marijuana.  (Doc. No. 62.)  And the remaining counts charged in the Indictment

arise from the same transactions or series of incidents constituting a crime.  (*Id.*)

Under these circumstances, the general rule in the federal system is that the co-

conspirators should be tried together.  *See* Fed. R. Crim. P. 8(b).

Further, this Court may grant severance if it appears that a defendant is

prejudiced by a joinder of defendants at trial.  Fed. R. Crim. P. 14.  Here,

Defendants have not shown that severance of co-defendants is necessary either

to avoid a risk of compromising any specific trial right to which each Defendant is

entitled, or to prevent the jury from making an unreliable judgment as to the guilt

or innocence of each of them.  *Zafiro*, 506 U.S. at 539.  While Defendants

Sanchez, Martinez, and Chaides generally contend that severance from their Co-

Defendants is warranted because evidence admissible against their Co-

Defendants would be inadmissible against them, they make no particularized

showing of how the evidence would prejudice any Defendant individually.  *See*

4

*United States v. Finn*, 919 F. Supp. 1305, 1323-24 (D. Minn. 1995) (stating that to prevail under Rule 14, Defendants "must each make a showing of real prejudice to themselves individually").  And even if Defendants can make some showing of "spillover effect," they are not entitled to severance "simply because evidence may be admissible as to [a co-defendant] but not as to [them]."  *United States v. Helmel*, 769 F.2d 1306, 1322 (8th Cir. 1985).  The values of justice and efficiency gained by joint trials cannot be overcome without a more exacting showing by Defendants.  Accordingly, this Court recommends that severance be denied.

## II.    Motion to Sever Counts

Defendant Martinez has also filed a Motion for Severance of Counts. (Doc. No. 118.)  As with his Motion for Severance of Defendants, Defendant Martinez fails to identify any specific prejudice that would result from a consolidated trial on all the counts charged in the Indictment.  (*Id.*)  The Government opposes this motion.  (Doc. No. 133.)

Courts have discretion under Fed. R. Crim. P. 14(a) to sever offenses in the same proceeding when the joinder of counts would prejudice a defendant. But as with severance of defendants, "[a] general complaint of prejudice is an insufficient basis for severance."  *United States v. Abdul-Ahad*, Crim. No. 08-142(7) (DSD/SRN), 2009 WL 35473, at *2 (D. Minn. Jan. 5, 2009).  Rule 8(a) should be "construed broadly in favor of joinder" and joinder of counts is appropriate when they are "factually interrelated."  *See United States v. Rock*,

282 F.3d 548, 552 (8th Cir. 2002).   A defendant must show that joinder of offenses will clearly prejudice him.  *See United States v. Crouch*, 46 F.3d 871, 875 (8th Cir. 1995).  This Defendant Martinez cannot do.

Defendant Martinez's motion contains only boilerplate allegations of impropriety of joinder of counts against him.  (Doc. No. 119.)  As with his motion for severance of defendants, these general complaints of prejudice—in the absence of a particularized showing of a serious threat to the fairness of the trial—are insufficient to warrant severance.  This is especially true where, as here, the additional count against Defendant Martinez—possession with intent to distribute methamphetamine—is closely related to the charge of conspiracy to traffic methamphetamines or other drugs.  (Doc. Nos. 7, 62.)  In sum, the record before the Court suggests that the charges "were properly joined because they were factually interrelated."  *Rock*, 282 F.3d at 552.   Accordingly, this Court recommends that Defendant Martinez's Motion for Severance of Counts (Doc. No. 118) be denied.

## RECOMMENDATION

 **IT IS HEREBY RECOMMENDED** that:

1.      Defendant Giesy Sanchez's Motion for Severance of Defendants (Doc. No. 105), be **DENIED**;

2.      Defendant Gabriel Damas Martinez's for Severance of Defendants (Doc. No. 119), be **DENIED**;

3.      Defendant Gabriel Damas Martinez's Motion for Severance of

Counts (Doc. No. 118), be **DENIED**; and

4.      Defendant Jairo Chaides's Motion for a Separate Trial (Doc. No. 77),

be **DENIED**.


Date: March 21, 2011

                                             _s/ Jeffrey J. Keyes_____
                                             JEFFREY J. KEYES
                                             United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and serving all parties by **April
4, 2011**, a writing which specifically identifies those portions of this Report to
which objections are made and the basis of those objections.  Failure to comply
with this procedure may operate as a forfeiture of the objecting party's right to
seek review in the Court of Appeals.  A party may respond to the objecting
party's brief within **fourteen** after service thereof.  All briefs filed under this rule
shall be limited to 3500 words.  A judge shall make a de novo determination of
those portions of the Report to which objection is made.  This Report and
Recommendation does not constitute an order or judgment of the District Court,
and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C.  §
636 to review a transcript of the hearing in order to resolve all objections made to
this Report and Recommendation, the party making the objections shall timely
order and file a complete transcript of the hearing within ten days of receipt of the
Report.